Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO OWENS, | ) Case No.: |
| | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| Plaintiff, | ) **1. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| v. | ) **PROTECTION ACT, 47 U.S.C.** |
| | ) **§227 ET. SEQ.;** |
| CAPITAL ONE BANK | ) |
| (U.S.A.), N.A., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

ANTONIO OWENS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK ("DEFENDANT"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


## PARTIES

5.     Plaintiff is a natural person residing in Los Angeles, California 90002.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.     Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning sometime during the year 2015 and continuing thereafter, Defendant called Plaintiff on his cellular telephone on a repeated and continuous basis.

13.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14.     The automated calls would begin with a pre-recorded voice before the calls were transferred to live agents.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     In July 2015, Plaintiff spoke with Defendant's representatives and requested that their repeated calls stop immediately.

17.     Thereafter, Defendant ignored Plaintiff's revocation and continued to call his cellular telephone number.

18.     After Plaintiff's repeated requests to stop calling were ignored by Defendant, she took measures to block their calls by downloading a blocking application.

19.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I

## <u>DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT</u>

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff, on and after July 2015, were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ANTONIO OWENS, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANTONIO OWENS, demands a jury trial in this case.

Respectfully submitted,

DATED: August 26, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
(275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT